1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | Case No.: 5:10-CV-04177-JW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DENYING MOTION TO |
| | ) | ALTER OR AMEND JUDGMENT |
| SEAN PAUL CROCE, individually and d/b/a | ) | |
| CROCE'S EAST COAST EATERY, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Joe Hand Promotions, Inc. (Plaintiff) has moved to alter or amend the judgment of this Court against Defendant Sean Paul Croce, individually and dba Croce's East Coast Eatery (Defendant). *See* Dkt. No. 18 ("Motion"). After considering Plaintiff's Motion, the Court finds this matter suitable for decision without oral argument. *See* Civil Local Rule 7-1(b). Accordingly, the hearing on this Motion, set for September 8, 2011 is hereby VACATED. For the reasons set forth below, the Court DENIES Plaintiff's Motion.

I.      BACKGROUND

A. Factual Background

Plaintiff Joe Hand, a Pennsylvania corporation, claims to possess the exclusive nationwide commercial distribution rights to the Saturday, September 19, 2009 telecast of *Ultimate Fighting Championship 103: Rich Franklin v. Vitor Belfort* (the "Program"). (Compl. ¶ 6, 10, Dkt. No. 1.) These distribution rights included all preliminary matches ("under-card bouts") and fight

1

commentary.  *Id.* ¶ 10.  According to Plaintiff's complaint, filed on September 16, 2010, Defendant illegally intercepted and displayed the Program at his business establishment in violation of federal and state law.  *Id.* ¶ 13. Based on the allegations contained in its complaint, Plaintiff brought four causes of action against Defendant: (1) Violation of 47 U.S.C. § 605, *et seq.*; (2) Violation of 47 U.S.C. § 553, *et seq.*; (3) Conversion; and (4) Violation of California Business and Professions Code § 17200, *et seq.*

    B.  Procedural Background

        Plaintiff filed its complaint on September 16, 2010.  On November 17, 2010, this case was reassigned to Judge Ware of this District.  Dkt. No. 7.  On January 3, 2011, after Defendant failed to respond to the complaint, Plaintiff moved for entry of default against Defendant.  Dkt. No. 10 On January 6, 2011, the Clerk entered default.  Dkt. No. 11.

        On January 21, 2011, Joe Hand moved for default judgment.  Dkt. No. 12.  On April 4, 2011, the Court held a hearing on the default judgment motion.  Dkt. No. 15.  On that date, the court entered judgment against Defendant for a total amount of $4,303.73, consisting of: $1,000 in statutory damages under 47 U.S.C. § 605; $1,200 in compensatory damages for conversion; $1,115 in costs; and $988.73 in attorney's fees.  Dkt. No. 17.

        On May 2, 2011, Joe Hand moved to alter or amend the judgment of the Court with respect to the statutory damages.[1]  Dkt. No. 18.

II.    ANALYSIS

        This Court may alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) is generally seen as "an 'extraordinary remedy, to be used sparingly'" and at the discretion of the Court.  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); s*ee McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003).  This motion "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

---

[1] The Honorable James Ware is no longer assigned to this case.  The pending request came to the undersigned Judge's attention as the General Duty Judge for the month of May 2011.

2

Case No.: 10-CV-04177-LHK
ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

**United States District Court**
For the Northern District of California

1    "To succeed [on a motion to alter or amend judgment], a party must set forth facts or law of a

2    strongly convincing nature to induce the court to reverse its prior decision." *United States v.*

3    *Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

4         Here, Plaintiff presents no newly discovered evidence, and concedes that the controlling

5    law has not changed.  The motion to alter or amend judgment is brought under the theory that the

6    court committed clear error.

7         In the motion to alter or amend judgment, Plaintiff suggests three points of clear error on

8    the part of the Court.  Mot. at . 5-9.  First, Plaintiff argues that the Court's decision to grant the

9    minimum statutory damages, while consistent with other Northern District of California opinions,

10   is inconsistent with the decisions of District Court judges in other judicial Districts.  *Id*. at 5.

11   Second, Plaintiff argues that the Court's characterization of the Plaintiff's evidence of willfulness

12   on the part of the Defendant as "mere assertion" was erroneous, based on the evidence presented

13   regarding the means by which Defendant obtained the Program, the number of patrons who viewed

14   the Program, the national trend in such cases, and the goal of damages in piracy cases.  *Id*.  Third,

15   Plaintiff suggests that the Court miscalculated damages when it defined the screening of the

16   Program as one violation, as opposed to counting each patron's viewing of the Program as a

17   separate violation.  *Id*. at 9.

18        Courts grant reconsideration due to clear error "only if the prior decision was 'clearly'

19   wrong." *Bull v City & County of San Francisco*, 758 F. Supp. 2d 925, 928 (N.D. Cal. 2010) (citing

20   *Leslie Salt v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995)).  "A district court does not commit

21   clear error warranting reconsideration when the question before it is a debatable one." *Morales v.*

22   *Tingey*, No. C 05-3498 PJH, 2010 U.S. Dist. LEXIS 20776, at *1 (N.D. Cal., Feb. 3, 2010) (citing

23   *McDowell,* 197 F.3d at 1256).  Therefore, before Plaintiff's motion may be granted, the Court must

24   find an indisputable error in its election of minimum statutory damages, in its characterization of

25   the Defendant's alleged willfulness, or in its method of calculating damages.

26        A.  Minimum Statutory Damages

27        If the Court determines the Plaintiff is entitled to damages, the amount of those damages is

28   set by what "the court considers just."  47 U.S.C. § 605(e)(3)(C)(i)(II) (2006); *see also Kingvision*

United States District Court
For the Northern District of California

1    *Pay-Per-View, Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1198 (N.D. Cal. 2000).  Plaintiff contends

2    that the Court committed a clear error in its award of the statutory minimum, and points to a trend

3    in awarding higher damages as evidence of error.

4          Plaintiff asserts that awarding minimum statutory damages is contrary to the practice in

5    other Districts and to recent decisions from judges in the Northern District of California.  Mot. at 5.

6    In support of this assertion, the Plaintiff puts forth three "cases decided since Plaintiff filed its

7    Application for Default Judgment [that] bear upon the issues herein."  *Id*.  Each of these cases

8    comes from the Eastern District of California and was decided in early February, after the filing of

9    the Application but well before the April 4, 2011 hearing on the motion for default judgment in this

10   case. *Id*.  Therefore, as Plaintiff concedes, there has been no intervening change in the controlling

11   law.

12         The Court's decision to follow Northern District precedent rather than the cases cited by

13   Plaintiff could only be an error if it were bound to follow those cases.  However, the decisions of

14   fellow district courts, while persuasive, are not binding on this Court.  *See ATSI Communs., Inc. v.*

15   *Shaar Fund, Ltd*., 547 F.3d 109, 112 (2nd Cir. 2008) (noting that "[d]istrict court decisions . . .

16   create no rule of law binding on other courts."); *see also Allegheny General Hospital v. NLRB*, 608

17   F.2d 965, 970 (3d Cir. 1979) (explaining that precedent binds only those cases "arising in the same

18   court or a lower court in the judicial hierarchy").  When the authority at issue is only persuasive,

19   and not binding, the Court may exercise its discretion in deciding an issue.  That the Court chose to

20   follow Northern District precedent rather than the Eastern District's recent cases does not

21   constitute an error, much less an error so clear as to necessitate altering or amending the judgment.

22         Plaintiff also refers the Court to cases cited in Plaintiff's original Motion for Default

23   Judgment.  Plaintiff argues these cases show a trend of "more significant damages . . . being

24   awarded."  Mot. at 5.  However, a motion under Rule 59(e) "must show more than a disagreement

25   with the Court's decision, and recapitulation of the cases and arguments considered by the court

26   before rendering its original decision fails to carry the moving party's burden."  *Westlands,* 134 F.

27   Supp. 2d at 1131.  In any case, the Court has reviewed Plaintiff's Motion for Default Judgment,

28   and has observed that the cases cited in support of awarding maximum statutory damages are from

4

**United States District Court**
For the Northern District of California

1    fellow district courts in North Carolina, Texas, and the Eastern District of California.  While this

2    Court respects the opinions of its fellows, it is not, for the reasons mentioned above, obligated to

3    follow them.  As the Court has both the discretion to determine the amount of damages within

4    statutory guidelines, and the discretion to choose which persuasive authority to follow, the Court

5    did not commit clear error in deciding to award minimum statutory damages rather than maximum,

6    notwithstanding the decisions of courts in other districts.

7            B.  Willfulness

8            Plaintiff next declares that the Court's conclusion that Plaintiff provided a mere assertion of

9    willfulness on the part of the Defendant was "clearly erroneous."  Mot. to Alter or Am. J. at 6.

10   Heightened damages may be granted at the discretion of the Court "in any case in which the court

11   finds that the violation was committed willfully and for purposes of . . . commercial advantage or

12   private financial gain."  47 U.S.C. § 605(e)(3)(C)(ii).

13           Plaintiff refers the Court to *J & J Sports Productions, Inc. v. Ho*, in which the defendant

14   was found to have acted willfully.  No. 10-CV-01883-LHK, 2010 U.S. Dist. LEXIS 109575 at *4

15   (N.D. Cal. Oct. 5, 2010).  Plaintiff claims that *Ho* supports finding "that the act of piracy

16   necessarily evinces willfulness."  Mot. to Alter or Am. J. at 6.  However, as described above, Judge

17   Ware was no more bound by the *Ho* decision than by any other district court decision when

18   deciding this case.  In *Ho*, the Court properly exercised the discretion allotted to it by 47 U.S.C. §

19   605, first in determining the defendant's conduct was willful, and then in determining the extent of

20   damages appropriate given that willfulness.

21           The statute contemplates the Court using its discretion to determine willfulness, and to

22   determine the amount of damages appropriate in light of willfulness.  In its Order Granting

23   Plaintiff's Motion for Default Judgment, the Court stated that, "the mere assertion that defendants

24   acted willfully is insufficient to justify enhanced damages."  Order at 5.  Plaintiff's evidence of

25   willfulness was an affidavit from Joe Hand, proprietor of Joe Hand Promotions, Inc., that "to the

26   best of [his] knowledge, [Plaintiff's] programming is *not* and cannot be mistakenly, innocently, or

27   accidentally intercepted."  Pl's. Aff. at 3.  For the reasons stated above, the Court could, remaining

28   within its discretion, find this evidence insufficient to prove willfulness on the part of Defendant.

Case No.: 10-CV-04177-LHK
ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

1    The Court is neither required to find willfulness in every violation, nor is it required to

2    increase damages for every act of willfulness.  The statute states that the Court "*may* increase the

3    award" if it finds willfulness.  47 U.S.C. § 605(e)(3)(C)(ii) (emphasis added).  As the Court is not

4    obligated to enhance damages even upon a finding of willfulness, the Court acted within its

5    discretion in deciding that the evidence presented by Plaintiff was insufficient to justify enhanced

6    damages.

7    As the Court's discretion in this decision is derived from the statute, and the Court

8    remained within this discretion in considering the evidence and the damages, the Court did not

9    commit such clear error as to justify altering or amending the judgment.

10    C.  Damages Calculation

11    While the statute provides for minimum and maximum damages, it does not specify the

12    manner in which the court must calculate statutory damages. 47 U.S.C. § 605(e)(3)(C)(i)(II), (ii).

13    Accordingly, courts have the discretion to decide "which of the defendants' acts constitutes a

14    violation," and to "determine the number of violations and assess damages for each violation."

15    *Kingvision Pay-Per-View, Ltd. v. Lalaleo*, 429 F. Supp. 2d 506, 513-14 (E.D.N.Y. 2006).

16    Plaintiff asserts that "this Court's decision also fails to take into account the number of

17    patrons present."  Mot. to Alter or Am. J. at 8.  Plaintiff points to the recognition, in *Ho*, of a

18    significant customer presence, and to the specific method of calculating damages used by Judge

19    Fogel of the Northern District, as "demonstrating the willingness of the Northern District courts to

20    award significant enhanced damages." Mot. at 8-9.  In *Ho*, the "significant enhanced damages"

21    were an additional $10,000, which was awarded, in part, based on the defendant's repeated

22    violations.  *Ho*, *supra*, at *5.  The two cases adjudicated by Judge Fogel, to which Plaintiff refers

23    the Court, awarded damages by multiplying the number of customers present by the licensing fee

24    for the program at issue.  *J & J Sports Prods. v. Guzman*, No. 5:09-cv-05124-JF/HRL, 2010 U.S.

25    Dist. LEXIS 113351, at *6 (N.D. Cal. Oct. 14, 2010); *J & J Sports Prods. v. Cortez*, No. 5:10-cv-

26    02717-JF/PSG, 2011 U.S. Dist. LEXIS 11247, at *7 (N.D. Cal. Jan. 28, 2011).  Unlike the present

27    case, these cases found liability and awarded damages under 47 U.S.C. § 553, not 47 U.S.C. § 605.

28

Case No.: 10-CV-04177-LHK
ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

*Id.* But even if these cases had been decided under § 605, they would not require this Court to award enhanced damages in this case.

Plaintiff argues that the value reached through multiplying the commercial fee by the number of customers present in Defendant's establishment accurately reflects Plaintiff's damages. Mot. at 9.  While this is a sensible way to calculate damages, it is not the *only* way to calculate damages, and Plaintiff has failed to establish that the Court erred by determining damages in a different way.

The Court has discretion both in deciding whether to award damages, and in determining the amount of that award.  *Kingvision Pay-Per-View, Ltd. v. Scott E's Pub, Inc.*, 146 F. Supp. 2d 955, 958 (E.D. Wis. 2001) (noting that "[a] court has great discretion in awarding statutory damages").  One method of damage calculation used by Courts "where there has been no evidence of the plaintiff's actual usage or commercial advantage, [is] applying the statutory minimum." *DirectTV, Inc. v. Montes*, 338 F. Supp. 2d 352, 355 (D. Conn. 2004).  In this case, the Court exercised the discretion given to it by 47 U.S.C. § 605, to determine that it would grant an award to the Plaintiff, and to set that award at the statutory minimum.  In exercising this discretion, the Court committed no clear error sufficient to justify amending or altering the judgment.

Because the Plaintiff has failed to identify a clear error by the Court, the Court DENIES Plaintiff's motion to alter or amend the judgment.

III.     CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's motion to alter or amend the judgment.

**IT IS SO ORDERED.**

Dated: June 29, 2011

_____
LUCY H. KOH
United States District Judge

Case No.: 10-CV-04177-LHK
ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT